Monticello Drug Company v. Porter Clothing Company, Inc.

149 So. 25.

Division A.

Order Entered June 13, 1933.

*Knight, Adair, Cooper & Osborne,* for Appellant;
*Blount & Jones,* for Appellee.

On Appellant's Motion for Leave to File Transcript.

Davis, C. J.—Appellant, Monticello Drug Company, filed in the Circuit Court of Duval County its bill of complaint against Porter Clothing Company, Inc., as defendant. Motion for temporary injunction was made and a temporary restraining order was granted. Thereafter the defendant below, Porter Clothing Company, Inc., answered the bill, including in its answer a demurrer as authorized by the then existing rule of practice. Upon the issues made by the bill and answer the cause was then referred to a special examiner to take testimony, and the testimony was accordingly taken. When the cause was brought before the court for final hearing upon the bill, answer and testimony taken, the court sustained the demurrer to the bill, which was dismissed

on the demurrer without any finding or determination being made on the evidence. The appeal is from the final decree dismissing the bill pursuant to the order made sustaining defendant's demurrer. The case is now before this Court on a motion by the appellant praying for leave to file here in support of its appeal a transcript of the record embracing only the bill of complaint, the demurrer which was included in defendant's answer, an amendment to the bill of complaint and the decree sustaining the demurrer to the bill as the substantial parts of the record required to be considered in order to dispose of the subject matter of the appeal.

The contention of the movant is that since the Chancellor ruled only on the demurrer to the bill that had been included in defendant's answer, and in his order expressly refused to pass upon the merits of the controversy, so as to involve consideration of the answer and the evidence, that appellee's cross directions to the clerk below to have included in the transcript the defendant's amended answer and the evidence touching the merits of the cause, should be ordered by this Court to be disregarded, with permission to appellee to have same prepared at its own expense to be incorporated in the transcript should appellee so desire.

Special Rule 2, governing the making up of transcripts by Clerks of Circuit Court in civil causes, provides that no transcript of the record shall contain any papers, matters or proceedings that are not necessary for a clear and full presentation of some point or question *raised by the assignment of errors to be relied upon in the appellate court.*

To effectuate this purpose the rule provides that the appellant, when he applies to the clerk for a transcript, shall file the assignment of errors upon which he intends to rely. The rule further provides that the appellant shall at the same time file a written application to the clerk, indicating the

papers and proceedings that are to be copied and made a part of the transcript of the record. The rule also authorizes the appellee to file additional written directions to the clerk requiring him to include in the transcript any other matter not required in the written directions of the appellant.

As will be seen from a plain inspection of the rule, the purpose of the directions authorized and required to be given concerning the preparation of the transcript is to have included in the transcript only such portions of the record as are "Necessary for a clear and full presentation of some point or question raised by the assignment of errors."

The only assignment of errors relied on in the present case is that filed by the appellant. Such assignment of errors relates solely and only to the sufficiency of the bill of complaint to withstand the defendant's demurrer that was sustained to it. It is therefore plain that when the appellant directed the clerk to include in the transcript the amended bill of complaint, the demurrer and the order of the Circuit Court sustaining the demurrer, that the appellant thereby brought into the record every part of the record below which was necessary to be brought up on the present appeal for a clear and full presentation of the point raised by the assignment of errors relied upon by appellant in this Court.

It has been held in this jurisdiction that upon an appeal solely involving an order sustaining a demurrer to a bill of complaint in equity, the only matters which can be considered on such appeal are the matters involved in the ruling on the demurrer to the bill. City of Palmetto v. Katsch, 86 Fla. 506, 98 So. Rep. 352.

But the appellee points out that the instant appeal is from a final decree. Because the appeal is from a final decree, appellee contends that it makes no difference that the final

decree was arrived at because of the order sustaining the demurrer to the bill. It is appellee's view that the final decree may still be supported and affirmed, on the basis of a showing in the record as a whole that although the court might have erred in sustaining the demurrer to the bill, that nevertheless the final decree dismissing the bill is a correct result which should not be reversed because the final decree of dismissal was the kind of a decree that should have been entered on the merits as shown by the answer and testimony.

But the Chancellor below in his final decree expressly recited that he had sustained the demurrer to the bill and had given no consideration whatsoever to the evidence or to the defendant's answer. If appellee is correct in its contention that the ruling on the demurrer could be cured by showing that the answer and the evidence warrants the result that was actually reached, it would devolve upon this Court to try for the first time here, the sufficiency of the facts, despite the fact that those facts had never been ruled on by a court of original jurisdiction.

The Supreme Court is possessed only of appellate power. It would be inappropriate, if not actually beyond its jurisdiction, for it to undertake to make an original determination of the facts in an equity case where it affirmatively appears that the factual issues involved have never been considered or determined by the Circuit Court as a court of first instance.

We therefore hold that since the appellant in its directions to the clerk has already included in such directions, every paper, matter or proceeding necessary for a full and clear presentation of the points or questions relied upon by it in support of its own assignment of errors filed in the appellate court, that the additional directions filed by the appellee

asking for the inclusion in the transcript of the defendant's amended answer and the testimony being beyond the scope of the points or questions raised by the appellant's assignment of error cannot be insisted on by appellee. Therefore the matters referred to in the additional directions should not be required to be included in the transcript of the record prepared at appellant's expense, as a condition to permitting the appellant's transcript to be filed.

If appellee conceives that upon a cross appeal, or upon a cross assignment of errors, it can have reviewed the decree of the court below disposing of the controversy on demurrer without passing upon or determining the evidence since the case was on final hearing, nothing that we have said herein shall be construed as intimating that it does not have the right to have the transcript of record supplemented by such additions thereto as are necessary to enable appellee to make a full and clear presentation of the points and questions involved in its cross appeal or cross assignments.

An order will be entered herein granting the motion of appellant permitting it to file upon this appeal a transcript of the record prepared in accordance with its own directions and duly certified in accordance with the rule. Permission is given to the appellee to have prepared at its own expense, if it so desires, the additions to the transcript involved in its cross directions if deemed by it necessary to present other matters relied on by it.

It is so ordered.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.