ROBERTS, Justice.
This is an application for the writ of habeas corpus, in which petitioner alleged that he was convicted of robbery upon the false and perjured testimony of an accomplice, and that such testimony was induced by the threats and promises of reward made to the witness by the Honorable Clifton M. Kelly, County Solicitor, knowing such testimony to be false. The affidavit of the *425 witness in question, Amos Pierce, was appended, in which Amos stated that he implicated petitioner in his testimony at the trial because the County Solicitor and the Sheriff told him that they would see that he got off with probation or not over one or two years in jail if he would do so; and that, in fact, the petitioner did not participate in the robbery in any way. We issued the writ under the authority of Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; and White v. Ragen, 324 U.S. 760, 65 S.Ct. 978, 89 L.Ed. 1348.
The respondent’s return to the writ denied the allegations of the petition referred to above, and we entered an order referring the matter to the judge of the Criminal Court of Recoid for Polk County as a commissioner of this court to take testimony on the issue of whether the prosecution knowingly used false and perjured testimony to obtain a conviction of petitioner, and to report his findings of fact and conclusions of law.
The Commissioner has now reported the results of his hearing in the matter. He found that “there was no testimony submitted to show that the prosecution knowingly used false and perjured testimony to obtain a conviction of the petitioner Morgan Simpson in the Criminal Court of Record in and for Polk County, Florida, said petitioner failing absolutely to maintain this allegation.”
We have examined the record of the hearing held by the Commissioner and find that there is nothing in the record that reflects in the remotest manner upon the integrity of County Solicitor Kelly and Sheriff Gordon, and that the Commissioner’s conclusion above quoted is fully warranted by the evidence submitted. In fact, at the hearing Amos Pierce completely exonerated the County Solicitor and the Sheriff of the charges previously made by him and testified that the reason he signed the statement accusing them of inducing him to give false testimony against the petitioner was because he was in fear of his life from other prisoners at Raiford if he did not do so. An investigator sent out by the Governor’s Office to interview Amos, in response to correspondence from the petitioner, testified at the hearing that Amos told him the same thing and that Amos ■ completely repudiated.his signed statement, both as to the charges against the County Solicitor and the Sheriff and also as to the statement therein that the petitioner was innocent.
It having been found that the petitioner failed to sustain his charge that the prosecution knowingly used false testimony to procure his conviction, and there being no other allegations in the petition sufficient to show that the proceedings upon which the judgment and sentence were rendered were void as being in violation of fundamental law and justice, the instant proceedings are dismissed and the petitioner is remanded to the custody of the respondent to serve out the remainder of his term unless sooner discharged in accordance with law.
It is so ordered.
TERRELL, C. J., and O’CONNELL and BUFORD, JJ., concur.