165 So.2d 195 (1964)
Morgan SIMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4184.
District Court of Appeal of Florida. Second District.
June 12, 1964.
Lee Roy Horton, Public Defender, Lake Wales, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
This is an appeal from an order denying the appellant's motion for post-conviction relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. We affirm.
In 1953 Morgan Simpson was charged with robbery and then after engaging counsel of his own choice he was arraigned, entered a plea of not guilty, and was tried by a jury which found him guilty. His motion for new trial was denied, and he was then adjudged guilty and sentenced to a term of 30 years in the state penitentiary. His conviction was appealed to the Supreme Court and affirmed in Simpson v. State, Fla. 1955, 81 So.2d 810.
In 1957 Simpson filed a petition for writ of habeas corpus in the Supreme Court, alleging that his conviction was based upon perjured testimony knowingly and purposely used by the State. The Supreme Court caused a hearing to be held on the matter before the Court's appointed Commissioner, whose report stated that "there was no testimony submitted to show that the prosecution knowingly used false and perjured testimony to obtain a conviction of the petitioner * * *." Thereupon, the Supreme Court examined the record and concluded that the Commissioner's findings were fully warranted by the evidence submitted. Simpson was remanded to the custody of the prison officials to serve the remainder of his term. State ex rel. Simpson v. Mayo, Fla. 1957, 95 So.2d 424.
In 1963 Simpson filed his motion to vacate the judgment and sentence, alleging the same basic facts and circumstances as those alleged in his 1957 petition for writ of habeas corpus. In addition, he alleged that he was presently insolvent and requested the court to appoint counsel to represent *196 him in presenting to the court the matters alleged in his motion. The trial court denied without a hearing both the motion for appointment of counsel and the motion to vacate the judgment and sentence, stating in effect that Simpson has had the advantage of every legal right which could be afforded to him; that all matters raised in the instant motion have been considered and determined adversely to him; and that he had alleged no basis for further consideration.
After Simpson filed his notice of appeal from the latter order, he filed a motion in this Court for appointment of counsel on appeal, alleging among other things that the lower court had denied him his constitutional right to counsel on appeal. On the basis of this motion, and without the benefit of a record, this Court caused the public defender to be appointed to represent Simpson on this appeal. The sole question raised by the appellant is: "Should the trial court have appointed counsel to represent defendant on his motion to vacate judgment and sentence?"
Whether or not an indigent is entitled to the assistance of counsel, as a matter of right, in a trial court proceeding on collateral attack upon such prisoner's conviction and sentence, and whether or not the right to counsel in such proceedings is governed by the due process requirements of the state and federal constitutions, are two questions which, in the circumstances of the case at bar, need not be answered. Under no circumstances conceivable to this Court at the present time would this prisoner be entitled to file a motion presenting the identical grounds previously alleged by him, have counsel appointed at public expense to represent him, have a hearing and obtain the entry of an order vacating the judgment and sentence, where said identical grounds had been already judicially determined to be wholly without merit after a full, fair and complete hearing. See Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. Due process of law contemplates something more than an effort to be heard a second time on a matter previously adjudicated properly.
We affirm the trial court's denial of counsel and denial of the motion to vacate without a hearing.
WHITE and ANDREWS, JJ., concur.