PER CURIAM.
This is an appeal from a summary denial of the defendant’s motion for relief brought pursuant to Criminal Procedure Rule No. 1, F.S.A. Chapter 924 Appendix.
Defendant was tried and convicted of rape pursuant to a jury verdict, for which he was sentenced to ninety-nine years in the state penitentiary. The conviction and sentence were affirmed on appeal. Defendant filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Florida, in which he alleged, inter alia, that his attorney refused to permit him to testify in his own behalf. The petition was denied when the court found from the record and affidavits that defendant’s court appointed counsel was quite competent and that defendant voluntarily elected not to take the stand. Thereafter, a petition for rehearing was denied. A petition to the United States Court of Appeals for the Fifth Circuit considered to be an application for a certificate of probable cause for leave to appeal was also denied.
Defendant then filed a pleading pursuant to Criminal Procedure Rule No. 1 alleging, inter alia, that his court appointed attorneys prevented him from testifying in his own behalf over his objection- — the identical allegation presented in defendant’s federal habeas corpus petition. It is this point which defendant preserved on appeal.
The court below did not err in summarily denying defendant’s motion where the identical grounds had been already judicially determined to be wholly without merit.[1]
 However, the lower court determined the issue on its merits, and there is no error in a summary denial of this issue on its merits. With possible exceptions, the failure of counsel to call a witness on behalf of the defense is not a ground for collateral attack.[2] We find that defendant’s motion contains no allegation which constitutes an exception to this general rule.
Accordingly the order appealed is affirmed.
Affirmed.

. Simpson v. State, Fla.App.1904, 165 So.2d 195.

. Brookins v. State, Fla.App.1965, 174 So.2d 578; Simpson v. State, Fla.App.1964, 164 So.2d 224.