ERVIN, Justice
(dissenting).
In this case it appears successive motions under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix were made in the Circuit Court by the Respondent, seeking to vacate his sentence. Both motions were denied, the second being denied because the Circuit Court found it was predicated upon the same grounds presented and denied in the first motion.
It is true the denial of a similar second motion in a Rule 1 proceeding on the ground of res adjudicata is a proper disposition of an application because the language in the Rule provides “ * * * [t]he sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.”
However, I cannot agree with the State that the order of the Circuit Court in this case denying the second motion must be conclusively presumed to be correct on appeal, absent a showing to the contrary in the transcript.
As implied by the District Court in this case, the State (which did not prevail on appeal) had the duty not to rely upon the presumption of correctness of the order of denial of the second motion or its res ad-judicata effect, but should have filed directions to the Clerk of the Circuit Court to include copies of the first motion and the order thereon in the transcript in order that the res adjudicata determination could be reviewed.
The reason it was incumbent upon the State in the appeal to have the transcript reflect the original motion and the order thereon arises from the fact Rule 1 motions are designed to get at the heart of a prisoner’s claim that the judgment of conviction and sentence under which he is restrained is fundamentally defective. To this end the rule requires a conclusive affirmative showing from the motion and the files and the original record of his case that a prisoner is entitled to no relief. Thus in Rule 1 proceedings the burden is upon the State both in the circuit court and the appellate court to make it affirmatively appear from the original records of the case that the prisoner is entitled to no relief. Once this is affirmatively shown, the motion can be denied and the denial affirmed on appeal, with res adjudicata effect upon any subsequent motion under Rule 1 or any application for a writ of habeas corpus. It is clear from the language of Rule 1 the total original record of a criminal case is opened for consideration, but a subsequent order denying a motion in a Rule 1 proceed *419 ing is not a part of the original record which is resorted to in order to determine whether fundamental error was committed in the conviction of a prisoner.
In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, construing 28 U.S.C.A. § 2255, upon which our Rule 1 is based, the Supreme Court of the United States said with reference to a second motion in a Rule 1 proceeding after a first one had been denied:
“ * * * the test is the ‘ends of justice’ and it cannot be too finely particularized.” * * * * * *
“ * * * In either case, full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading. * * * ” (Emphasis supplied.)
In Archer v. State, 166 So.2d 163 (DCA 2nd 1964), a second Rule 1 motion was initially denied on the ground that the issue involved had been adjudicated previously. In reversing, the District Court of Appeal emphasized that
“ * * * In cases where the second or successive application is shown to be conclusively without merit on the basis of the motion and files and records of the case, such motion should be denied without a hearing. * * * ” (Emphasis supplied.)
In other words, what the original record of a criminal case reflects and not a later disposition of the first Rule 1 motion is the criterion for determining the merits of the application, both on a hearing in the Circuit Court and on an appeal. See, also, Armstrong v. State (Fla.App), 165 So.2d 233, and Simpson v. State (Fla.App.), 165 So. 2d 195.
Interestingly in this case, the District Court found from the transcript of the record of the trial resulting in the judgment of conviction and sentence of Respondent that the prisoner was apparently entitled to relief because the judgment of conviction was entered pursuant to a guilty plea of the Respondent who was under 21 years of age, unfamiliar with the law and court procedure, and without assistance of counsel or offer or waiver of services of court-appointed counsel.
Despite the fact in the appeal the transcript reflected the foregoing situation where the “Gideon doctrine” may well apply, the State made no factual affirmative showing that Respondent was entitled to no relief. Under these circumstances, I do not believe the District Court was in error in refusing to accord a conclusive presumption of correctness to the order of the Circuit Court denying the second Rule 1 motion. Instead, it looked to the merits of the case as reflected by the transcript before it and took action accordingly.