OWEN, Judge.
Appellant sought to appeal denial of a motion to vacate which he had filed pursuant to Rule 3.850 CrPR, 33 F.S.A. The appeal, not having been perfected as required by the appellate rules, was subject to dismissal. Nonetheless, - for our own satisfaction, since appellant did not have counsel on appeal, we informally ' secured the record from the clerk of the trial court. Having now examined it, we find that we lack jurisdiction and must dismiss the appeal for that reason.
A brief summary of the facts upon which we base our determination will be helpful. Appellant was sentenced in September, 1968. . He has, since that time, filed four motions to vacate, the present appeal involving denial of the fourth. The first was denied by an order rendered January 31, 1969, an untimely appeal therefrom being dismissed. Sparks v. State, Fla.App.1969, 225 So.2d 467. The third was denied by an order rendered April 13, 1970, which was not appealed. We itemize only those two because the grounds upon which each of those motions sought relief included the sole ground upon which this last motion sought relief. The trial court undoubtedly noted the identity of the ground of the present motion to that of the earlier motions, by virtue of which the court was justified in concluding that the motion should be summarily denied without evidentiary hearing. See Simpson v. State, Fla.App.1964, 165 So.2d 195. The jurisdictional problem arises, .however., because of the manner in which the court’s “order” of March 10, 1971, was entered.' -It’was accomplished by the judge merely endorsing upon the motion itself the words “Ordered, Summarily Denied — see Orders of 1-30-69, 12-19-1969 and 4-13-70”, and dating and signing the same. Thereupon, the motion was returned to the clerk’s office .and appellant was furnished a copy of the motion as thus endorsed.
It is fundamental that a court’s appellate jurisdiction is conferred by the timely filing in the lower court of a proper notice of appeal. The time within which to file such notice of appeal is measured from the “rendition” of the order appealed, as defined' in Rule 1.3, F.A.R., 32 F.S.A. Appellant’s motion was filed with the Clerk of the trial court on March 9, 1971, as reflected by the date-time stamp. For aught the record shows, the “order” (i. e., the motion as endorsed by the court) has not been filed, although, of course, the endorsed motion is physically in the trial court record. Was the order “rendered” ? If so, when? The notice of’ appeal was filed April 26, 1971.[1] This was untimely if the order was “rendered” on March 10, 1971, and was premature if the order has never been “rendered”. In either case, the notice of appeal would not confer jurisdiction upon this court.
In this case, the prisoner filed what appears to be a frivolous, if not in fact a *253 vexatious, motion to vacate. A busy trial judge, with a case load which is undoubtedly at full capacity, patiently and conscientiously reviewed the trial court record. Upon his finding that the motion alleged grounds which had been previously determined adversely to the prisoner, the judge utilized the most expeditious means of disposing of that motion. Though we fully appreciate the burden upon the trial courts, we must condemn the practice of entering order&>x>n motions..to vacate by the simple expedient of endorsing the substance of the order upon the face of the motion. An order on a written motion to vacate should be a separate written instrument, signed by the judge, and filed with the clerk. Anything less offends the traditional concept of the dignity of judicial orders, makes impractical the filing and service of copies of such order, and renders impossible the vesting of appellate jurisdiction in an appellate court by the filing of a notice of appeal.
Appeal dismissed.
REED, C. J., and WALDEN, J., concur.

. The notice of appeal does not contain any certificate of service upon the State, which undoubtedly explains why the Attorney General’s office had filed no motion to dismiss the appeal.