382 So.2d 1317 (1980)
Sue MILLS, Appellant,
v.
Lillian S. HEENAN, Appellee.
No. 78-1656/T4-172.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
Andrew Baron, Orlando, for appellant.
William A. Greenberg, Orlando, for appellee.
UPCHURCH, Judge.
This is an appeal from an order granting the petition of appellee, Lillian S. Heenan, to enjoin the burial of her sister Kathleen Heenan within the State of Florida and to permit removal of the body to New York.
Two questions were presented by this appeal:
1. Whether the trial court erred in entering an order in favor of appellee within seventeen hours of filing the complaint.
2. Whether the trial court erred in entering an order permitting the sister to remove the body instead of permitting the natural mother control over the burial of her daughter.
The proceeding in the lower court was not reported and there has been no stipulated statement of facts as permitted by Florida Rules of Appellate Procedure 9.200(a)(3). The record on appeal consists only of the pleadings and the order appealed.
It is apparent from the briefs that the parents of the dead girl are divorced. The sister, appellee, and the natural father, who *1318 was not a party, desired burial in New York. The body was transported soon after entry of the order and, we assume, has rested in New York for more than six months.
The findings and judgment of the trial court come to the appellate court clothed with a presumption of correctness and may not be disturbed upon appeal in the absence of a record demonstrating errors of law. White v. White, 306 So.2d 608 (Fla. 1st DCA 1975). It is the duty of appellant to bring before the appellate court a record adequate to support his appeal. Pierson v. Sharp, 283 So.2d 880 (Fla. 4th DCA 1973). Both parties appeared before the trial court. We have nothing before us on which to base a determination that the trial court acted erroneously.
While in most instances seventeen hours notice of suit is grossly inadequate to enable the opposing party to respond and defend, it is not universally so. The very fact that the trial court held a hearing upon such short notice indicates to us that it was a matter of urgency.
In addition, an appellate court will not determine a controversy where issues have become moot. DeHoff v. Imeson, 153 Fla. 553, 15 So.2d 258 (1943). The efficacy of our reversal of the trial court's order at this date is at best questionable. While we are not unsympathetic with appellant's grief and her desire to have her daughter buried close by, the same desire would naturally apply for the sister. The wisdom of disturbing the resting place of this girl, even if our order was enforceable, is also questionable.
This case was before this court on January 15, 1980 for oral argument, and we then expressed doubt whether the points raised could be reached without a record. Counsel for appellant asked for time to attempt to reach a stipulated factual statement. An order was entered granting the parties to February 15, 1980 to submit a statement of facts on which they could agree. On January 30, 1980 appellant moved for a continuance until March 1, 1980. This was denied because of movant's failure to comply with Florida Rules of Appellate Procedure 9.300(a).[1]
Motions for extension of time have been and will continue to be summarily denied by this court when the moving party fails to comply with the requirement of the rule to contact opposing counsel and to state whether he agrees or objects to an extension. We have observed that the provisions of this rule are ignored by the Bar practicing before us as often as followed and we take the opportunity to call to their attention the necessity of compliance before a motion for extension will be considered.
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] Contents of Motion; Response. Unless otherwise prescribed by these rules, an application for an order or other relief available under these rules shall be made by filing a motion therefor. The motion shall state the grounds on which it is based, the relief sought, argument in support thereof and appropriate citations of authority. A motion for an extension of time shall, and other motions where appropriate may, contain a certificate by the movant's counsel that he has consulted opposing counsel and that he is authorized to represent that opposing counsel either has no objection or will promptly file an objection. A motion may be accompanied by an appendix, which may include affidavits and other appropriate supporting documents not contained in the record. A party may serve one response to a motion within 10 days of service of the motion. The court may shorten or extend the time for response to a motion. Fla.R.App.P. 9.300(a).