384 So.2d 727 (1980)
ALLIED FIDELITY INSURANCE COMPANY, and Jose Ramon Ruiz, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-1521.
District Court of Appeal of Florida, Third District.
June 10, 1980.
*728 Bierman, Sonnett, Beiley & Shohat, Miami, and Benedict P. Kuehne, W. Palm Beach, for appellants.
Janet Reno, State's Atty., and John P. Durant, Asst. State's Atty., for appellee.
Before SCHWARTZ, NESBITT and DANIEL PEARSON, JJ.
DANIEL PEARSON, Judge.
At a hearing on June 19, 1979, the trial court orally ordered that a $105,000 bond posted by Allied Fidelity Insurance Company (Allied) to insure the appearance of Jose Ramon Ruiz (Ruiz) in a pending criminal case be forfeited. On July 17, 1979, Allied and Ruiz filed a notice of appeal from that order. The order appealed from was neither a written order, Sparks v. State, 262 So.2d 251 (Fla. 4th DCA 1972), nor a final order, Huie v. State, 92 So.2d 264 (Fla. 1957), and for both reasons the order was not appealable to this court.
Thereafter, on September 17, 1979, pursuant to this forfeiture, a final judgment against Allied and in favor of the State was entered. Allied moved to set this judgment aside on the ground that the circuit court lacked jurisdiction to enter this final judgment while Allied's appeal was pending in this court.
In April 1980, the State moved to dismiss Allied's appeal. We denied the State's motion since the record before us contained a reference to an appealable final judgment having been entered on September 17, 1979. By order entered May 8, 1980, we directed Allied to furnish forthwith a copy of that final judgment. It was our view that in light of the later entry of the appealable final judgment we would treat the premature notice of appeal as vesting us with jurisdiction as of the time the final judgment was entered. Williams v. State, 324 So.2d 74 (Fla. 1975); W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980).
It now has been made to appear that on November 14, 1979, the circuit court vacated the final judgment pending the outcome of this appeal. Therefore, once again the appellants are without an appealable final order. Accordingly, we relinquish jurisdiction to the circuit court for the purpose of reinstating its final judgment and transmitting the record containing such reinstated final judgment to this court within thirty (30) days from this order.