BOARDMAN, Judge.
Howard Lee Brice appeals the denial of his motion to tax costs. We dismiss the appeal due to the unexcused and unexplained failure of his counsel to comply with this court’s order of July 2, 1982, that he file the certified copy of the trial court’s written order that is necessary to vest appellate jurisdiction in this court.
Appellant is a defendant in several criminal cases in Collier County. The trial court adjudged appellant to be indigent, entitling him to the services of the public defender. Appellant did not utilize the services of the public defender, however, but elected to retain private counsel, Philip M. Gerson of Miami, whose fees were paid by appellant’s relatives. After tendering a conditional plea of nolo contendere, appellant moved to tax the costs of his defense to Collier County. The trial court orally denied the motion, and this appeal was filed.
In his directions to the clerk, which specified the limited documents he wished included in the record on appeal, Mr. Gerson did not list the order he purported to be appealing. Accordingly, no such order was included in the record on appeal filed in this court. When we became aware that the order appealed from, alleged in the notice of appeal to have been “rendered” on August 24, 1981, was not in the record, we ordered Mr. Gerson to file a certified copy of it and certain other record documents necessary to a proper review which also were not included in the record on appeal. A supplemental record was filed, but the order appealed from was not included therein, again because Mr. Gerson had not requested it. Nor has Mr. Gerson favored this court with any reason for his failure to comply with our order. Our subsequent order that he show cause within ten days why his appeal should not be dismissed was completely ignored.
It may well be that the trial court’s oral ruling was never reduced to writing. However, Mr. Gerson specifically stated in his notice of appeal that appellant was appealing “the Order of this Court rendered by Judge Brousseau on August 24, 1981. The nature of the Order is a Final Order denying a motion to tax costs.” (Emphasis supplied.) We presume that Mr. Gerson is familiar with the definition of “rendition” contained in Florida Rule of Appellate Procedure 9.020(g): “Rendition (of an order): the filing of a signed, written order with *750 the clerk of the lower tribunal.” (Emphasis supplied.) Given the further fact that Mr. Gerson has never requested the lower court’s clerk to include in the record on appeal the order referred to in his notice of appeal, we must assume Mr. Gerson simply chooses not to provide it to us.
If it is in fact the case that the trial court’s oral order has never been reduced to writing, making it impossible for Mr. Ger-son to comply directly with our order to supply us with a written order, he had only to advise us of that fact. Instead, Mr. Gerson totally ignored our orders concerning this problem, leaving this case, which was filed in this court nearly a year ago, lying in limbo for an additional two months. It is not infrequent that delay by attorneys slows disposition of appellate cases, but seldom is this court treated with such flagrant disrespect as Mr. Gerson’s complete failure to respond to our efforts to move this case to final disposition.
It is well settled that it is the appellant’s duty to provide an adequate record to the appellate court. E.g., Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980). Florida Rule of Appellate Procedure 9.200(f)(2) provides that a party must be given an opportunity to supply any omitted parts of the record before a proceeding may be determined adversely to him or her because the record is incomplete. Appellant, through his counsel, has been afforded that opportunity, but counsel has seen fit not to avail himself of it.
Here, of course, the omission from the record of the order appealed leaves this court without appellate jurisdiction. The order appealed must be a written order. Allied Fidelity Insurance Co. v. State, 384 So.2d 727 (Fla. 3d DCA 1980); Sparks v. State, 262 So.2d 251 (Fla. 4th DCA 1972). While our supreme court has held that an appeal from an oral ruling that has not yet been reduced to writing is to be considered premature and is not to be dismissed solely on the ground that it is premature, but is to be deemed to exist in a state of limbo until a written order is rendered, Williams v. State, 324 So.2d 74 (Fla.1975); see also Allied Fidelity Insurance Co. v. State, supra, we do not believe that the supreme court intended that an appeal remain dormant indefinitely due to the appellant’s wilful and wanton neglect of his or her duty to comply as best he or she can with a lawful order of the appellate court regarding furnishing it with a copy of the order appealed. In the Allied Fidelity case, when the appellant was given such an order, the appellate court was informed of the reason for the appellant’s inability to comply. No such ■courtesy has been extended to this court by Mr. Gerson.
Furthermore, in this case, we cannot ascertain from the record before us whether the appeal is premature. On the basis of the record before us, we can only speculate.
We decline'to speculate further or to wait indefinitely for Mr. Gerson to favor us with a copy of the order appealed or an explanation for his failure to do so. Mr. Gerson having disregarded our order to supply us with a copy of this essential document and our subsequent order to show cause why this case should not be dismissed, we have no alternative but to dismiss this appeal.
APPEAL DISMISSED.
OTT, C. J., and DANAHY, J., concur.