431 So.2d 177 (1983)
Alfred Gene WRIGHT, Appellant,
v.
Huretta Moss WRIGHT, Appellee.
No. 82-760.
District Court of Appeal of Florida, Fifth District.
April 6, 1983.
Rehearing Denied May 17, 1983.
Fred S. Disselkoen, Jr., of Duffett, Seps & Akers, Ormond Beach, for appellant.
Garrett L. Briggs, of Adams & Briggs, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
The husband appeals from a final judgment of dissolution which awarded the wife *178 partial attorney's fees and the husband's interest in the marital home as lump sum alimony. The question is whether the statement of the evidence submitted in lieu of the transcript of the hearing is sufficient for purposes of appellate review. We hold that it is not and affirm.
The trial in this cause was not transcribed. Florida Rule of Appellate Procedure 9.200(b)(3) provides the procedures to be followed where no transcript of the proceedings is available:
If no report of the proceedings was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
Pursuant to this rule, the husband prepared a statement of the evidence. The wife filed her objections to the evidence and proposed amendments to the statement. The statement, objections and amendments were then submitted to the trial court for settlement and approval.
In attempting to reconstruct the evidence, the judge observed that the trial was held more than five months ago, and that he had virtually no recollection of the testimony independent of his notes. As a consequence, the judge stated that he could only settle certain factual disputes.
It is well established that the findings and judgment of the trial court comes to the appellate court with a presumption of correctness and may not be disturbed in the absence of a record demonstrating error. Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980). It is equally well established that the burden is on the appellant to bring before the appellate court a record adequate to support his appeal. Id. We believe that a statement of evidence as provided in rule 9.200(b)(3) may be substituted for a report or transcript of the proceedings only when all relevant factual disputes have been settled and the statement of evidence is approved by the lower tribunal. When the trial court specifically states that it cannot settle all relevant factual disputes, the statement of evidence does not constitute a complete and adequate record for appellate review. We therefore have no alternative but to affirm the judgment below.
We also take this opportunity to reiterate what our sister court in Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA 1983) recently observed: if a case is considered worthy of litigating, it follows that the testimony adduced before the trier of fact should be reported and transcribed so that the appellate court could have before it a record for its consideration in the event an appeal is deemed necessary.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.