COBB, Chief Judge.
In this case, the issue is whether the trial court erred in computing mesne profits awarded to a successful plaintiff in ejectment. The appellants, defendants below, are handicapped on this appeal by the absence of a transcript of the trial, which was not reported. See Sroczyk v. Fritz, 220 So.2d 908 (Fla.1969); Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983); Balzam v. Cohen, 427 So.2d 329 (Fla. 3d DCA 1983); Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980).
The defendants below — Johnson, West and Arns — took possession in 1979 of certain realty owned by the plaintiff, Leus-chner, pursuant to a written lease and option to purchase. The lease provided for monthly rental payments of $325.00, and these were made by the lessees through March 31,1981; they also paid down on the option a total of $15,000.00, and made certain improvements to the real property.
In 1981, the defendants subleased the two houses on the property for $500.00 per month to their tenants, Wendell and Ellen Andrews. Thereafter, they ceased making the monthly payments to Leuschner, whereupon he demanded that the rents paid by the Andrews be surrendered to him, as well as the past-due rents of $325.00 per month. Leuschner then filed an action for possession of the property, and the defendants counterclaimed, seeking either the return of the $15,000.00 down payment, with interest, or specific performance of the option to purchase.
Following nonjury trial, the trial judge entered an order dated August 10, 1983, making certain findings of fact and rulings of law. He found that the rental agreement was breached by the defendants’ failure to pay the monthly rental of $325.00 after March 31, 1981; that the defendants were “in actual or constructive possession since that time, and in fact, have been renting out two (2) houses on the property and receiving the income from those properties;” that the plaintiff (Leuschner) was entitled to that rental income; that ejectment should be granted; that any improvements to the property made by the defendants were in contravention of the plaintiff’s direct orders and therefore set-offs for them should be denied; and that the $15,-000.00 — minus the rents, in toto — should be returned to the defendants, with any deficit to be paid to the plaintiff. It is apparent from the record that the trial court found the terms of the option portion of the lease agreement so vague and unconscionable as to render it void and unenforceable.
In accordance with the foregoing order, a final judgment was entered in November, 1983, ejecting the defendants and their tenants; adjudicating that the plaintiff, Leus-chner, was due $9,425.00 in delinquent rental for the months of April, 1981 through August, 1983, inclusive, and, also, the amount of $15,000.00 for the rental income paid to defendants by the tenants from February 1, 1981 to August 1, 1983, *1018 inclusive; and granting a set-off of the $15,000.00 down payment on the unconsummated option purchase. Court costs were awarded to the plaintiff.
On appeal, the defendants below argue that during their rightful occupancy up to April, 1981, while they made the monthly contractual payments of $325.00, they had the right to collect and retain the rents from their subtenants. Hence, the $1,000.00 rents collected by the appellants for the months of February and March, 1981, could not be due to the plaintiff below based on the trial court’s finding that their breach occurred by reason of their failure to make the April payment. Furthermore, appellants argue that it is unjust enrichment to award the plaintiff below any delinquent rental greater than that agreed upon by the parties in the original lease, i.e., $325.00 per month.
Appellants also contend that the evidence adduced below does not support the amount of rents collected from their ten-ants, and that they are entitled to reimbursement for their improvements. These contentions must fail because of the absence of a trial record.
The appellee/plaintiff, in his brief, asserts that the “primary dwelling on the property” was sublet by appellants for $325.00 per month and rent for “the other dwelling was collected at the rate of $175.00 per month.” Plaintiff/appellee claims that he is entitled to the rents collected by the defendants from their tenants commencing in February, 1981. In other words, it is apparent from the appellee’s brief that the maximum rental produced by the property at any given time was $500.00 per month.
The appellee argues that when the rent payments ceased at the end of March, 1981, the defendants became tenants at sufferance without any property rights whatsoever. See Coleman v. State ex rel. Carver, 119 Fla. 653, 161 So. 89 (1935); David Properties, Inc. v. Selk, 151 So.2d 334 (Fla. 1st DCA 1963). Such a holdover tenant, without evidence of the landlord’s acquiescence, has no right to collect rents from subtenants. Coleman; Pillans & Smith Co., Inc. v. Lowe, 117 Fla. 249, 157 So. 649 (1934).
In Kester v. Bostwick, 15 So.2d 201 (Fla.1943), the Florida Supreme Court considered the issue of mesne profits, which had been denied by the trial court to a successful plaintiff in ejectment. The defendant, whose tax title was determined to be void, had built thirty-two dwellings on the disputed property and derived the rents from them until ejected. The supreme court noted that the general rule in regard to mesne profits is that they are measured by the rental value of the property or its value for use and occupation during the time the defendant is in wrongful possession. This value also includes any damages suffered to the lands by reason of the occupancy. The value of rents and profits, said the court, refers to net rents and profits—i.e., fair rental value less the cost of rental and collection, but not inclusive of interest on the investment.
In the instant case, the trial court apparently awarded the sum of the rental owed by the defendants and the rental they collected from their tenants, rather than determining the rental value during wrongful possession. Clearly, the rental value of the entire property during the period from April, 1981 through August, 1983, inclusive (29 months), was no more than $500.00 per month, based on the findings of the trial court as reflected by the order of August 10, 1983.
The total judgment for the plaintiff, therefore, should have been $14,500.00 ($500 x 29) plus costs of $515.80 properly assessed against defendants, minus the $15,000.00 set-off for monies paid down on the option, or a total judgment of $15.80 accompanying the order of ejectment. We reverse and remand for entry of a judgment consistent with this opinion.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.