## CARATOZZOLA v STATE OF FLORIDA

Case No. 89-22AC10 (County Court Case No. 88-1610TI10)

Seventeenth Judicial Circuit, Broward County

October 30, 1989

### APPEARANCES OF COUNSEL

**John G. George,** for appellant.

**Stephen Melnick,** for appellee.

### OPINION OF THE COURT

ROBERT B. CARNEY, Circuit Judge.

THIS CAUSE having come before this Court upon an Amended Motion to Strike Appellant's Record of the Proceedings and Dismiss the appeal, and the Court having received and reviewed said amended motion and response, and being fully advised in the premises, makes the following findings of facts and conclusions of law:

### FINDINGS OF FACT:

1. On September 30, 1988, appellant, Donna Caratozzola, was cited with a traffic citation for failing to yield while entering a highway from a private roadway contrary to F. S. § 316.125.

2. In the trial court the appellant filed a motion to dismiss the cause due to lack of venue and jurisdiction. The motion was denied in open court and a fine for the traffic citation was imposed. A notice of appeal was filed on March 27, 1989.

3. On July 26, 1989, the appellee filed a motion to strike appellant's brief and appeal. An order denying this motion was signed and filed on August 8, 1989.

4. On August 16, 1989, the appellee filed an amended motion to strike appellant's record of the proceedings and dismiss the appeal.

## BASED ON THE FOREGOING THIS COURT MAKES THE FOLLOWING CONCLUSIONS OF LAW:

A. Florida Rule of Appellate Procedure 9.200(b)(3) provides in part: " . . . an appellant may prepare a statement of the evidence . . . from the best available means . . . including his recollection. . . . [T]he statement and any objections or proposed amendments shall be submitted to the lower tribunal for *settlement and approval* (emphasis added)." The rule requires that the trial court approve the statement before it is submitted as part of the appellate record. See, *Clayton v Clayton,* 442 So.2d 310 (Fla. 1DCA 1984), *Applegate v Barnett Bank of Tallahassee,* 377 So.2d 1150 (Fla. 1979).

B. A trial court's ruling comes to the appellate level cloaked with a presumption of correctness and may not be disturbed in the absence of a record demonstrating error. *Wright v Wright,* 431 So.2d 177 (Fla. 5DCA 1983), *citing Mills v Heenan,* 382 So.2d 1317 (Fla. 5DCA 1980). If the record is insufficient then the appellate court must affirm a judgment which is not fundamentally erroneous on its face. *Ahmed v Travelers Indemnity Co.,* 516 So.2d 40 (Fla. 3DCA 1987).

C. A statement of evidence which is not submitted to the trial court for approval pursuant to rule 9.200(b)(3) cannot be considered. *Baker v Baker,* 366 So.2d 873 (Fla. 4DCA 1979). Furthermore, when the trial court states that it cannot settle all factual disputes, the statement does not constitute a complete and adequate record for appellate review. *Wright,* at 178 (Fla. 5DCA 1983).

D. Accordingly, I find that the Appellant's statement of evidence was not submitted to the trial judge as required by Fla. Rule App. Pro. 9.200(b)(3) and therefore the record is insufficient for proper appellate review. Even if the statement of evidence was submitted there is testimony from the trial judge that it would not have been approved as an adequate statement of the evidence.

WHEREFORE, it is ORDERED AND ADJUDGED that the

Motion to Strike Appellant's Record of the Proceedings and Dismiss the Appeal is hereby GRANTED and the Trial Court's Judgment and Conviction is AFFIRMED.

DONE AND ORDERED in Chambers, at the Broward County Courthouse, 201 Southeast Sixth Street, Fort Lauderdale, Broward County, Florida 33301, this 30th day of October, 1989.