571 So.2d 580 (1990)
Martin Frances BOYLAN, Appellant,
v.
Elizabeth BOYLAN, Appellee.
No. 89-2239.
District Court of Appeal of Florida, Fourth District.
December 28, 1990.
Bruce J. Daniels of Bruce J. Daniels, P.A., West Palm Beach, for appellant.
Charles W. Musgrove and J. Ralph Mabie, West Palm Beach, for appellee.
PER CURIAM.
The husband appeals from a final judgment of dissolution which awarded the wife rehabilitative alimony and child support. The trial in this cause was not transcribed. The trial court was unable to recall the evidence presented and denied the husband's motion to settle and approve either party's statement of the evidence. Fla.R. App.P. 9.200(b)(3).
The findings and judgment of the trial court come to this court with a presumption of correctness. Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983). Appellant has the burden of bringing before the appellate court an adequate record to support his appeal. Wright.
When there is no record of the witnesses' testimony and the evidentiary rulings and when a statement of the evidence has not been approved by the trial court pursuant to Florida Rule of Appellate Procedure 9.200(b)(3) then the record is not adequate for appellate review. Wright. *581 The judgment below should then be affirmed unless the judgment is fundamentally erroneous on its face. In re Guardianship of Read, 555 So.2d 869 (Fla. 2d DCA 1990); Ahmed v. Travelers Indemnity Co., 516 So.2d 40 (Fla. 3d DCA 1987); Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976). The trial court's order in this cause was not fundamentally erroneous, therefore we affirm the judgment below.
Affirmed.
GLICKSTEIN and WARNER, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
As in Casella v. Casella, 569 So.2d 848 (Fla. 4th DCA 1990), it appears that the trial court has made awards that are unreasonable in view of the parties' needs and abilities.