PER CURIAM.
In these two consolidated appeals, appellants seek review of two summary final judgments entered against them, the first in favor of appellee Allstate Insurance Company on appellants’ third-party claim; and the second in favor of appellee S. Lee Pake, Jr., on appellants’ counterclaim. Upon our initial review of the record on appeal, it was apparent that several critical depositions from which the parties had quoted during argument before the trial court on the summary judgment motions were not included in the record. Accordingly, we ordered appellants to supplement the record so that it included all depositions which had been presented to the trial court for consideration prior to the entry of the two summary judgments which are the subjects of these appeals. Although appellants have had ample time to comply with our order, they have failed to do so.
It is the responsibility of the appellant to ensure that a record adequate to permit resolution of the issues raised on appeal is prepared and transmitted to the appellate court. Fla.R.App.P. 9.200(e); Brice v. State, 419 So.2d 749 (Fla. 2d DCA1982). Decisions of the trial court come to this court clothed in a presumption of correctness. It is the appellant’s burden to establish the existence of reversible error. Because appellants have failed to include in the record on appeal all depositions which were before the trial court when it decided the motions for summary judgment, we are unable to say that the trial court committed reversible error. See, e.g., Butler v. Metropolitan Dade County, 298 So.2d 552 (Fla. 3d DCA1974); Edwards v. Trulis, 212 So.2d 893 (Fla. 1st DCA1968). Therefore, we are constrained to affirm.
AFFIRMED.
SMITH, ALLEN and WEBSTER, JJ., concur.