GERSTEN, Judge,
dissenting.
I respectfully dissent. This issue is not moot for the reasons discussed below, and I would grant the motion to require the appellees either to specify the relevant documents to be included at the appellants’ expense or to pay for the inclusion of the additional documents themselves. I disagree with the appellees’ contention that Rule 9.200 requires the appellants to pay the cost of including irrelevant documents or exhibits in the record.
In March of 1996, co-appellants Robert Brake and Eileen Brake (the “appellants”) filed a notice of appeal from an adverse trial court order setting aside a transfer of real property as fraudulent. Thereafter, the appellants filed directions to the clerk to transfer less than one third of the documents into the appellate record. In response, Eve Murphy and Richard Murphy (the “appellees”) filed directions to the clerk ordering the inclusion of all documents. The appellants then submitted the instant motion seeking an order directing the appellees to either designate the relevant documents to be added or to pay for the inclusion of any additional documents.
The applicable portions of Rule 9.200 are:
(a)(2) ... If the clerk is directed [by the appellant] to transmit less than the entire record or less than the transcript of all testimony in a proceeding, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, the appellee may direct the clerk to include additional documents and exhibits.
[[Image here]]
(e) The burden to ensure that the record is prepared and transmitted in accordance with these rules shall be on the petitioner or appellant. Any party may enforce the provisions of this rule by motion.
[[Image here]]
Section (e) places the initial responsibility for preparation of the record bn the appellant. Section (a)(2) recognizes the possibility of a partial record as long as the appellant provides notice to the appel-lee and the appellate court of the specific issues being appealed. The appellee may then order the inclusion of additional documents. The issue here is whether an appellant is responsible for the cost of including all documents requested by an appellee in the record or whether an appellant can force an appellee to pay for the inclusion of irrelevant documents.
Under established law, appellants, in compiling an adequate record, are only required to include those materials relevant to the issues before the appellate court. See Morgan v. Poke, 611 So.2d 1315 (Fla. 1st DCA 1993); Conner v. Coggins, 349 So.2d 780 (Fla. 1st DCA 1977); Town of Largo v. Imperial Homes Corp., 300 So.2d 311 (Fla. 2d DCA 1974) (analyzing record under Rule 3.6, the predecessor to Rule 9.200); Morceau v. Meader, 179 So.2d 242 (Fla. 3d DCA 1965) (same); Wilder v. Altman, 179 So.2d 250 (Fla. 3d DCA 1965) (same).
Common sense, therefore, dictates that appellants are only financially responsible for the inclusion of those documents and exhibits relevant to the points appealed. See Fox v. Interstate Power Co., 521 N.W.2d 762 (Iowa App.1994); Kimberly-Clark Corp. v. Power Authority, 35 A.D.2d 330, 316 N.Y.S.2d 68 (N.Y.App.Div.1970); *63 Spikes v. Hibbard, 226 Ark. 93, 288 S.W.2d 38 (1956).
In Monticello Drug Co. v. Porter Clothing Co., the Florida Supreme Court interpreted Special Rule 2, an appellate procedure rule similar in some ways to Rule 9.200(a)(2). 111 Fla. 55, 149 So. 25 (Fla.1933). Special Rule 2 provided that once an appellant designated material for the clerk to include in the appellate record, the appellee could then file directions to the clerk requiring the inclusion of additional material. Monticello Drug Co. v. Porter Clothing Co., 111 Fla. 55, 149 So. 25 (Fla.1933). In addition, Special Rule 2 provided that “no transcript of the record shall contain any papers, matters, or proceedings that are not necessary for a clear and full presentation of some point or question raised by the assignment of errors to be relied upon in appellate court.” Id. at 56, 149 So. at 26. The court held that, because the appellant already included in the record all of the documents and materials relevant to the appealed issues, the additional documents requested by the appellee “should not be required to be included in the transcript of the record prepared at appellant’s expense.... ” Id. at 58-59, 149 So. at 27.
This approach results in fairness to both parties on appeal. If the appellees can demonstrate that documents the appellants omitted from the record are relevant to the appealed issues, then, in accordance with Rule 9.200, the appellants are responsible for the costs of inclusion. See Boylan v. Boylan, 571 So.2d 580 (Fla. 4th DCA 1990) (citing Wright v. Wright, 431 So.2d 177 (Fla. 5th DCA 1983)); Brice v. State, 419 So.2d 749 (Fla. 2d DCA 1982); In re Guardianship of Coolidge, 368 So.2d 426 (Fla. 4th DCA 1979). Moreover, appellants who do not include all relevant documents risk failing to overcome the presumption of correctness of the trial court’s findings, thereby facing dismissal, or, at the very least, having to answer a motion to supplement. See McNair v. Pavlakos/McNair Dev. Co., 576 So.2d 933 (Fla. 5th DCA 1991); Ahmed v. Travelers Indem. Co., 516 So.2d 40 (Fla. 3d DCA 1987); Bei v. Harper, 475 So.2d 912 (Fla. 2d DCA 1985). An appellant’s interest in efficient litigation management, therefore, suggests that any relevant information initially be placed before the court to avoid the waste of time and money caused by unnecessary court appearances.
A relevancy requirement which places the financial burden of including irrelevant material on the including party also conserves judicial time and resources. See Fox v. Interstate Power Co., 521 N.W.2d 762 (Iowa.Ct.App.1994). If the parties only include relevant materials, the court will have less to sift through in order to discern the essential issues on appeal and will be able to extend more time and resources to consideration of actual issues.
I recognize that a complete record may be required to provide an accurate context for appealed issues and, under such circumstances, an appellant should be responsible for all costs of inclusion. See Starks v. Starks, 423 So.2d 452 (Fla. 1st DCA 1982) (citing Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979)). In the present case, however, the appellees have failed to demonstrate that additional documents must be included in order to resolve the specific issues appealed here.
Finally, I disagree that this issue is moot merely by virtue of the fact 'that the circuit court clerk has now received payment for the record on appeal. The bottom line is that the appellants may wrongfully have been required to pay for irrelevant documents which have nothing to do with the appeal. The majority seems to rely upon Rule 9.400(a)(2) in support of its mootness argument. The majority neglects to recognize that should the appellants fail to succeed on appeal, they will not be entitled to reimbursement under the Rule. Such a result unfairly increases the costs of appeal for unnecessary expenditures and could be potentially prohibitive.
*64 As noted above, considerations of fairness and common sense compel the distribution of costs based on the relevancy of the disputed documents. Accordingly, finding this issue is not moot, I would grant the motion to limit the record or to require payment by the appellees.