PETERSON, J.
Shari L. Dallmann-Plaisted appeals an Order on Motion For Relief From Judgment requested by her former husband, Keith Alan Dallmann. The order vacates an earlier judgment of contempt and arrears in child support.
The parties entered a marital settlement agreement which was incorporated into a final judgment dissolving their marriage in 1998. The final judgment specifically found that Florida was the home state of the parties’ three minor children, and is the sole jurisdictional state to determine child custody and visitation under the Uniform Child Custody Jurisdictional Act.
The course of events after the dissolution leads to a state of confusion that is impossible to unravel without further proceedings. From the record, it appears that the former wife seeks to regain the primary custody that she was awarded in the final judgment of dissolution. The custody was interrupted when she orally, ex-trajudicially and voluntarily granted extended visitation to her former husband who resides in Illinois. The former wife was either temporarily in or changed her residence to California at the time she allowed her children to be in the custody of her former husband in Illinois. The former husband seized the opportunity to initiate proceedings in Illinois for primary custody while the children were with him. Those proceedings resulted in a handwritten order signed by the former wife and husband presumably to indicate agreement with the contents of the order. The order granted primary physical “possession” of the children to the former husband until further order of the Illinois court. The “possession” was to be reviewable at the motion of either party at the end of the childrens’ 2001 school year. Importantly, the parties stipulated to staying all proceedings in the Florida and Illinois courts until the end of the childrens’ 2001 school year.
The record before us includes many allegations of improprieties that predate the dissolution and other matters having no connection with the threshold issue that has apparently never been brought before the courts of either state. Before any resolution can be made of the issue of child custody, an evidentiary hearing must be conducted to determine the state that has jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, sections 61.1302-61.1348, Florida Statutes (2001).
It is the burden of the litigants to raise the issue in an evidentiary hearing in order to determine which state has jurisdiction over the child custody now in dispute. The stipulated time of the end of the 2001 school year has obviously expired and the parties are free to initiate any proceedings that they desire in order to resolve the custody issue. It is doubtful that the former wife has the expertise to carry on her quest for return of custody of her children without the help of counsel. We urge her to seek the assistance of counsel in order to eliminate the quagmire that now exists in the litigation.
No record exists for the evidentiary hearing resulting in the order on appeal and for that reason, the order appealed is affirmed. E.g., Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979); Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980).
AFFIRMED.
SHARP, W., and GRIFFIN, JJ., concur.