294 So.2d 344 (1974)
Robert E. LEHMANN, Appellant,
v.
Claude CLONIGER and His Wife, Blanche Cloniger, Appellees.
No. U-289.
District Court of Appeal of Florida, First District.
May 16, 1974.
*345 Carleton L. Weidemeyer, of Wightman, Rowe, Weidemeyer, Jones & Turnbull, Clearwater, for appellant.
Young J. Simmons, of Green, Simmons & Green, Ocala, for appellees.

ON MOTION TO DISMISS
BOYER, Judge.
Appellees seek dismissal of this appeal on the asserted basis that the notice was not timely filed and that this Court is therefore without jurisdiction.
It is fundamental that timely filing of the notice of appeal is jurisdictional and that an appellate court is without authority to exercise its jurisdiction unless the notice is filed within the time and in the manner prescribed by the rules. (State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll, Sup.Ct.Fla. 1958, 102 So.2d 129; Pitts v. State, Fla.App. (1st) 1969, 225 So.2d 352)
At the conclusion of a jury trial wherein the appellees, as plaintiffs below, were seeking compensatory and punitive damages, the trial judge granted the plaintiffs' motion for a directed verdict in their favor as to compensatory damages, submitting the issues relative to punitive damages to the jury. The jury returned a verdict dated August 7, 1973 in favor of the plaintiffs in the sum of $41,450.00 compensatory damages in accordance with the directed verdict, plus punitive damages in the sum of $100,000.00. That verdict was filed in the office of the Clerk of the Circuit Court and recorded in the minutes of the court on the date of its entry, August 7, 1973. The plaintiffs (appellees here) thereafter filed a motion to assess costs and enter final judgment, based upon the jury verdict, whereupon a final judgment in the sum of $141,450.00 together with costs taxed in the sum of $1,431.71 was entered by the trial judge on August 30, 1973, which final judgment was filed in the office of the Clerk of the Circuit Court and recorded on that date. A motion for new trial was served by the defendant (appellant here) on September 5, 1973 and was filed in the office of the Clerk of the Circuit Court on September 10, 1973. An order denying a new trial was entered, filed and recorded on October 11, 1973. Notice of appeal was filed on October 29, 1973.
Appellees contend, in their motion to dismiss the appeal, that the motion for new trial should have been filed, in order to have tolled the time for filing notice of appeal, within 10 days from the date of the verdict, and that failing so to do, the 30 day period allowed for the filing of a notice of appeal had expired prior to October 29, 1973, the date that same was filed.
Appellant urges that the 10 day period for the filing of the motion for new trial commenced to run upon rendition of the final *346 judgment and that inasmuch as the motion for new trial was served on the sixth day after entry of the final judgment and filed on the eleventh day thereafter (the tenth day having fallen on a Sunday) the motion for new trial was timely filed and that therefore the time for filing notice of appeal was tolled until the motion for new trial was disposed of by the court's order of October 11, 1973; the notice of appeal having been filed within the prescribed period thereafter.
The issue, then, to be decided is whether the motion for new trial was timely filed in accordance with the applicable rules. Refining the issue further, we must determine whether the 10 day period for the filing of the motion for new trial commenced to run upon the entry of the verdict (August 7, 1973) or upon entry of the final judgment (August 30, 1973).
Rule 3.2, subd. b., F.A.R., 32 F.S.A., provides as follows:
"Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, * * *" (Emphasis added)
Rule 1.3, F.A.R., defines "rendition" as follows:
"`Rendition' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of." (Emphasis added)
Rule 1.530(b), R.C.P., 31 F.S.A., provides as follows:
"A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action. * * *" (Emphasis added)
It is interesting to note that in defining "rendition" in Rule 1.3, F.A.R., the Supreme Court refers to "a judgment, decision, order or decree." It did not mention a verdict, unless a verdict might be considered a "decision."
In the case sub judice the verdict was entered, filed and recorded on August 7. Applying, therefore, the definition of "rendition" as contained in the Florida Appellate Rules, and assuming that a verdict is a "decision" as set forth therein, the verdict was "rendered" on August 7, 1973, unless rendition was suspended or tolled by the filing of an appropriate post-trial motion. As quoted above, Rule 1.3 F.A.R. concludes with the sentence
"Where there has been filed in the lower court a timely and proper motion or petition for a new trial, or a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
It is noted that the rule does not require that the "timely post-trial motion" be filed by any particular party. In the case sub judice it appears that a timely post-trial motion for the taxation of costs and entry of final judgment based upon the jury verdict was filed by the plaintiffs below, appellees here. Those motions were not disposed of until entry of the final judgment on August 30, 1973. Accordingly, holding (as we do) that "rendition" as defined in Rule 1.3 F.A.R. is applicable to a verdict as referred to in Rule 1.530(b) R.C.P., then the verdict was not "rendered" *347 until disposition of the post-trial motions above mentioned on August 30, 1973. The verdict having been so rendered on that date (the date of the final judgment in accordance with the post-trial motions above mentioned), then the motion for new trial which was served on September 5, 1973 was "not later than 10 days after the rendition of verdict" as required by Rule 1.530(b) R.C.P., and was therefore timely.
The motion for new trial having been timely filed, the time required for the filing of the notice of appeal was tolled until the motion for new trial was "disposed of." (Rule 1.3 F.A.R.; Pitts v. State, supra)
We hold, therefore, that the notice of appeal was timely filed, that we have jurisdiction and that the appellees' motion to dismiss the appeal must be denied.
We may also arrive at the same decision via another route. This Court held in Furr v. Gulf Exhibition Corporation, Fla.App. (1st) 1959, 114 So.2d 27, (wherein two members of the Supreme Court of Florida were sitting with a member of this Court as Associate Judges) that in construing Rule 1.530(e) (formerly Rule 2.8(e) R.C.P., and Rule 1.470(c)), 30 F.S.A. (formerly Rule 2.6(c) R.C.P.) that for the purposes of appellate review a judicially directed verdict is more akin to a non-jury action than to a jury trial. Applying that rationale to the facts of the case sub judice, the required time for the filing of a motion for new trial would have commenced to run, at least as to issues relative to compensatory damages incident to which the trial court directed a verdict, on the date of the entry of the judgment, which, as aforesaid, was on August 30, 1973. Inasmuch as the jury could not have validly assessed punitive damages in this case without the award of compensatory damages we logically conclude that the punitive damage aspect follows the compensatory damages.
We have not overlooked the decision of our sister court in Potetti v. Ben Lil, Inc., Fla.App. (3rd) 1968, 213 So.2d 270: However, it does not appear that in that case the "jury verdict" was based upon a judicial direction nor does it appear that any post-trial motions were filed by either of the parties during the 13 day period intervening between the entry of the verdict and the filing of the motion for new trial.
Access to the courts and appellate review are constitutionally recognized rights and any restrictions thereon should be liberally construed in favor of the right. All related rules should be construed in para materia and if, when so construed, ambiguities develop, those ambiguities should be construed in favor of, and not in restriction of, access to the courts, including the appellate courts.
The motion to dismiss the appeal is denied.
SPECTOR, Acting C.J., and JOHNSON, J., concur.