351 So.2d 732 (1977)
Oliver HILL et al., Appellants,
v.
SCHOOL BOARD OF LEON COUNTY, Appellee.
Oliver HILL et al., Petitioners,
v.
SCHOOL BOARD OF LEON COUNTY, Respondent.
Nos. HH-223, HH-222.
District Court of Appeal of Florida, First District.
October 28, 1977.
As Corrected On Denial of Rehearing November 30, 1977.
*733 Jack L. McLean, Jr. of Legal Services of North Florida, Inc. and Robert Williams of Florida Legal Services, Inc., Tallahassee, for appellants-petitioners.
C. Graham Carothers and Michael Pearce Dodson of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for appellee-respondent.
SMITH, Judge.
The petition for review asserts that the School Board engaged in illicit rulemaking, without complying with Section 120.54, by discontinuing its prior practice of affording county-paid transportation on dangerous routes to school children whose transportation costs are not payable from state funds because their homes are within two miles from school. See Section 234.01, Florida Statutes (1975) and Fla. Admin. Code R. 6A-3.01(3) of the State Board of Education. While county school transportation policy may be a proper one for rulemaking, as may policy concerning the availability of hot breakfasts and the distribution and care of school books, not every statement by the Board on those subjects is a rule for which Section 120.54 procedures are required. The Board's announcement that an optional service previously provided will be discontinued is not necessarily a rule because it is not a statement "which [is] intended by [its] own effect to create rights or to require compliance, or otherwise to have the direct and consistent effect of law." McDonald v. Dep't of Banking and Finance, 346 So.2d 569, 581 (Fla. 1st DCA 1977).
We recognized in McDonald that APA rulemaking requirements are and must be to some extent self-enforcing. Affected agencies will be pressed toward rulemaking by the necessity otherwise to explicate and defend policy repeatedly in Section 120.57 proceedings for agency action affecting the substantial interests of parties. Inasmuch as requiring rulemaking will not automatically provide the transportation petitioners seek, even during the rulemaking proceeding itself, our duty in doubtful cases is to withhold judicial imperatives and leave affected parties to initiate rulemaking under Section 120.54(5) or to request proceedings under Section 120.57. Petitioners here have not attempted to invoke either remedy before the Board. Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977), in which a regulatory agency rescinded official interpretation of its undoubted rule, is distinguished on its facts, as is Straughn v. O'Riordan, 338 So.2d 832, 834 n. 3 (Fla. 1976) (dictum).
The appeal from the circuit court of Leon County, which denied appellants' motion for injunctive relief, urges that the Board's asserted error in denying transportation is "so egregious or devastating that the promised administrative remedy is too little or too late," thereby justifying circuit court intervention. State ex rel. Dep't of Gen. Serv. v. Willis, 344 So.2d 580, 590 (Fla. 1st DCA 1977). The circuit court properly ruled to the contrary. Appellants' other arguments in support of circuit court jurisdiction are unavailing. School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977); United Faculty of Florida v. Branson, 350 So.2d 489 (Fla. 1st DCA 1977).
The judgment of the circuit court is AFFIRMED. The prayer of the petition for review is DENIED.
BOYER, Acting C.J., concurs.
MILLS, J., dissents.
MILLS, Judge, dissenting:
I dissent.
I would reverse.
In my judgment, the School Board's action in discontinuing its prior practice of providing school bus transportation to students who live within two miles of their assigned school was invalid because it was a *734 rule, section 120.52(14), Florida Statutes (1977), which was not promulgated in accordance with the Administrative Procedure Act. Section 120.54(1), Florida Statutes (1977).
But we have more than this involved here. We have the lives and limbs of children jeopardized because they are now required to walk a dangerous route to school without any safeguards being supplied.
It seems to me that the Administrative Procedure Act was not intended to defeat justice. Yet the construction placed upon it by the majority does just this. We should never become so technical that we obscure the justice of a case. To do so merely brings justice and those who administer it into disrepute. Although we must have rules to guide us in the performance of our duties, we should never ignore common sense in reaching a just result. If we desire respect for the law, and we do, we must first make the law respectable. To do this we must not permit technicalities from preventing justice being done.
I would reverse the trial court's order and would require the School Board to resume school bus transportation of children within two miles of their school until the School Board has taken proper action to adopt such rule as it ultimately decides to adopt.