352 So.2d 166 (1977)
William Wesley BOWEN, Appellant,
v.
Doris Moore BOWEN, Appellee.
No. HH-193.
District Court of Appeal of Florida, First District.
November 30, 1977.
*167 Charles A. Sorenson and John R. Forbes, of Forbes & Meide, Jacksonville, for appellant.
John Paul Howard, Jacksonville, for appellee.

ON MOTION TO QUASH APPEAL
Appellant, William Wesley Bowen, filed herein on September 9, 1977 a notice of appeal reciting that the appeal was filed from an "Order Denying Motion for New Trial (see Notice of Appeal"). Appellee has filed herein a motion to quash the appeal citing, among other authorities, Koch v. State Road Department of Florida, 106 So.2d 426 (Fla. 1958). Appellant filed a response to the motion to quash accompanied by a motion for leave to amend his notice of appeal, seeking thereby to appeal from the final judgment rather than the order denying motion for a new trial.
As Judge Mills stated in Hill v. Leon County School Board, 351 So.2d 732 (Fla.1st DCA 1977), opinion filed October 28, 1977, "* * * We should never become so technical that we obscure the justice of a case. To do so merely brings justice and those who administer it into disrepute. Although we must have rules to guide us in the performance of our duties, we should never ignore common sense in reaching a just result. If we desire respect for the law, and we do, we must first make the law respectable. To do this we must not permit technicalities from preventing justice being done."
Further, it appears that the Supreme Court of Florida has itself receded from its opinion in Koch v. State Road Department of Florida, supra, thereby rendering it no longer a precedent for application of the doctrine of stare decisis. (See Greyhound Corporation v. Carswell, 181 So.2d 638 (Fla. 1966) and the many subsequent cases appearing in Shepard's Florida Citations  Cases, citing same)
This and other courts of Florida have also repeatedly held that non-jurisdictional defects in notices of appeal may be cured by amendment where it does not appear that the appellee has either been misled or prejudiced by the defect. (See Greyhound, supra; Burlingham v. Allen, 295 So.2d 684 (Fla.1st DCA 1974); and Hanna v. American International Land Corporation, 289 So.2d 756 (Fla.2nd DCA 1974) Accordingly, it is
ORDERED that appellee's motion to quash the appeal is denied. Appellant's motion for permission to amend his notice of appeal is granted and appellant is allowed 15 days from date hereof within which to file his amended notice. This cause shall thereupon proceed in accordance with the provisions of the Florida Appellate Rules.
By Order of the Court, Acting Chief Judge Tyrie A. Boyer, and Judge Richard W. Ervin, III, Judge E.R. Mills, Jr. dissenting.
MILLS, Judge, dissenting:
I dissent.
I would grant appellee's motion to quash appellant's notice of appeal.
I appreciate the majority's reliance on my dissent in Hill v. Leon County School Board, 351 So.2d 732 (Fla.1st DCA 1977), opinion filed October 28, 1977. However, the majority erred in failing to rely on my dissent in resolving Hill and is erring here in relying on my dissent in resolving this case. This case is clearly controlled by our Supreme *168 Court's decision in Koch v. State Road Department of Florida, 106 So.2d 426 (Fla. 1958). In Koch the Court stated:
"It appears that this appeal is taken from the order of the trial court denying a motion for a new trial. The correctness of such an order may be assigned `for matter and cause of error' only upon an appeal from the final judgment... It is, therefore, Ordered that this appeal be and the same is hereby dismissed for lack of jurisdiction in this Court to entertain it."
Where our Supreme Court has ruled on a factual situation which is identical to the facts in this case, I feel compelled to follow its decision. Otherwise, what would happen to the doctrine of stare decisis?