ROBERT P. SMITH, Jr., Chief Judge.
The Department of Corrections appeals from a DO AH hearing officer’s order invalidating as an illicit rule, because it was not subjected to formal rulemaking processes under Section 120.54, the Department’s program for the manufacture of metal signs by inmates of the correctional system. Section 945.06, Florida Statutes (1976 Supp.). The hearing officer found:
Here the Department has, apparently, not set forth its decision to engage in a metal sign manufacturing program in a formal written statement. Certainly no such written statement was offered into evidence. However, it is patently clear from the evidence that the Department has expressed in a non-verbal way its decision to engage in the subject program. The actions of the Department culminating in the invitation for bids clearly express the adoption by -the Department of a metal sign manufacturing program. It is therefore concluded that the agency statement proved by the Petitioners is the decision by the Department to adopt a metal sign manufacturing program, as one of its correctional work programs under Section 945.06, Florida Statutes.
The hearing officer went on to conclude that the “statement” so described as one of general applicability, implementing, interpreting or prescribing law or policy, thus constituting an illicit rule.
In this, and in comparing the case to P.A.M. News Corp. v. Hardin, 440 F.2d 255 (D.C. Cir. 1971), applying the federal APA, we think the hearing officer erred. Small definitional differences between the Florida and federal acts, see Hardin at 258, fn. 4, prevent too great a reliance on federal decisions. An agency program reflects its policy, to be sure, but a program as such is not a statement of policy, and no statute requires all agency programs to be described in Florida Administrative Code. See also Hill v. Leon County School Board of Public Instruction, 351 So.2d 732 (Fla. 1st DCA 1977), cert. den., 359 So.2d 1215 (Fla. 1978). Moreover, as has been shown by Florida decisions since the hearing officer ruled in this matter — this case and related cases decided this day have been here a lamentably long time, at fault of no one but the writer — an agency that permissibly withholds its policy from rulemaking assumes considerable burdens of proof and exposition in Section 120.57 proceedings. Florida Cities Water Co. v. Florida Public Service Comm’n, 384 So.2d 1280 (Fla. 1980); Rice v. Dept. of Health and Rehab. Services, 386 So.2d 844 (Fla. 1st DCA 1980); Anheuser-Busch, Inc. v. Dept. of Business Req., 393 So.2d 1177 (Fla. 1st DCA 1981); ABC Liquors, Inc. v. Dept. of Business Req., 397 So.2d 696 (Fla. 1st DCA 1981); Cenac v. Florida State Board of Accountancy, 399 So.2d 1013 (Fla. 1st DCA 1981). Now more than ever it is appropriate to allow these incentives for rulemaking to work in other proceedings rather than to subject marginal cases to the difficult semantic debate that our early decisions encouraged in rule-challenge proceedings against nonrule policy.
REVERSED.
MILLS and ERVIN, JJ., concur.