433 So.2d 1327 (1983)
Frank MENFI, Appellant,
v.
EXXON COMPANY, U.S.A. and Crockett-Bradley, Inc., Appellees.
No. 83-930.
District Court of Appeal of Florida, Third District.
July 5, 1983.
Isenberg & Schlesser and William S. Isenberg, Fort Lauderdale, for appellant.
Mitchell, Harris, Canning, Murray & Usich and C. Robert Murray, Jr., Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and JORGENSON, JJ.

ON MOTION TO DISMISS
DANIEL S. PEARSON, Judge.
The jury returned its verdict on February 17, 1983. The verdict was announced in open court and filed by the clerk. Final judgment was entered thereon on March 4, 1983. Although the verdict was in favor of the plaintiff-appellant, he was dissatisfied with the amount of damages awarded, and *1328 on March 9, 1983, served a motion for new trial on the appellees. The trial court denied the motion for new trial on March 23, 1983. Appellant's notice of appeal was filed on April 22, 1983. The appellees have moved to dismiss the appeal as untimely.
Unless appellant's motion for new trial was itself timely served, it did not toll the time for the taking of the appeal, see, e.g., Casto v. Casto, 404 So.2d 1046 (Fla. 1981) (untimely motion for rehearing does not toll time for taking appeal); Southern Atlantic Construction Corp. v. First Corporation of Desoto County, 419 So.2d 729 (Fla. 4th DCA 1982) (same), and the appeal is untimely. Florida Rule of Civil Procedure 1.530(b) provides that a motion for new trial shall be served not later than ten days "after the rendition of verdict in a jury action." The appellant, relying on Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974), asserts that the rendition of the verdict occurred not on February 17, 1983, when it was returned and filed, but on March 4, 1983, when the court entered judgment thereon. He says, therefore, that his motion for new trial served five days after the entry of judgment, that is, on March 9, 1983, tolled the time for appeal until the motion was disposed of on March 23, 1983. Under this reasoning, his appeal, taken within thirty days of March 23, 1983, is timely.
First, we think that appellant's reliance on Lehmann is misplaced. To be sure, Lehmann holds, at least in part,[1] that although a verdict is rendered when entered, filed and recorded, its rendition, even as the rendition of a judgment, decision, order or decree, is suspended until the court rules upon timely-filed post-trial motions. The court in Lehmann, finding that post-verdict motions to assess costs and enter final judgment there made by the appellees suspended the rendition of the verdict until such motions were disposed of by entry of judgment, held that the appellant's motion for new trial served within ten days of judgment was timely and tolled the time for taking an appeal. In the present case, however, the only post-verdict and prejudgment motion which was made was Exxon's motion for entry of final judgment on its crossclaim for indemnification against a third-party defendant, a motion which did not in the least affect the rights of Menfi, and had no bearing on the issues between Menfi and Exxon. This motion, although one which necessarily followed the conclusion of the trial between Menfi and Exxon, is not a post-trial motion which could in any way affect that trial and could not therefore suspend the rendition of the verdict.
But even if, arguendo, Exxon's motion for judgment on its third-party claim were not thus distinguishable from the post-trial motions made in Lehmann, we would still hold that the rendition of the verdict was not suspended by this or any other post-trial motion. This is so because we are of the view that Lehmann's conclusion that a rendition of a verdict is suspended in the same manner as a rendition of a judgment, decision, order or decree of the court is simply unwarranted. The very rule upon which the Lehmann court relies for that proposition, former Florida Appellate Rule 1.3,[2] pertains only to judgments, decisions, *1329 orders or decrees and says nothing about verdicts.[3] That, of course, is not surprising, since the rendition of a verdict has not the slightest thing to do with the entry of or rendition of a judgment. The rendition of a judgment is a judicial act; a verdict, on the other hand, is rendered by the jury. As even Lehmann itself concedes, the verdict is rendered when it is returned, entered and filed. But unlike a judgment which, in the absence of a timely-filed post-trial motion, commences the time for appeal, no appeal can be taken from a verdict, and there is no need to suspend its rendition pending the outcome of post-trial motions.
We also think the decision in Lehmann is demonstrably unsound. By way of illustration, suppose that within ten days of the rendition of verdict the losing party serves a motion for new trial. Under Lehmann, this, as any other post-trial motion, would suspend the rendition of verdict until it is ruled upon. According to Lehmann, when the motion for new trial is thereafter denied, the verdict, previously suspended, is once again rendered. Thus, under Lehmann, the time for filing a motion for new trial anomalously begins anew with the denial of the motion for new trial.
We therefore conclude that, as Florida Rule of Civil Procedure 1.530(b) plainly states, a motion for new trial must be served not later than ten days after rendition of the verdict, Miami Transit Co. v. Ford, 155 So.2d 360 (Fla. 1963); Potetti v. Ben Lil, Inc., 213 So.2d 270 (Fla. 3d DCA 1968); the rendition of verdict occurs when it is returned, entered and filed; and such rendition is not suspended by the filing of any post-trial motions.
Accordingly, Menfi's motion for new trial was untimely and did not toll the time for taking an appeal. The notice of appeal being therefore untimely, the appeal is dismissed. We certify that our decision is in conflict with Lehmann v. Cloniger, 294 So.2d 344.
Appeal dismissed.
NOTES
[1] The alternate holding of Lehmann is that there was no jury verdict, in the real sense, at all. In Lehmann, the trial court directed a verdict on compensatory damages, which the appellate court considered "more akin to a non-jury action than to a jury trial," thus allowing a Rule 1.530(b) motion for rehearing to be served within ten days of the entry of judgment. Although the jury in Lehmann did render a verdict on punitive damages, the appellate court concluded that since punitive damages could not have been assessed without the compensatory damages, the jury's verdict on punitive damages was a natural outgrowth of the judicial act of directing the verdict. Since there was no directed verdict in the present case, none of this strained reasoning is applicable here.
[2] Former Fla.App.R. 1.3 provides:

"`Rendition' of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of."
[3] Moreover, Lehmann's use of appellate definitions to rules of civil procedure is in derogation of the Supreme Court's holding in Casto v. Casto, 404 So.2d 1046.