SUA SPONTE ORDER OF DISMISSAL
PER CURIAM.
The appellees have raised in their brief the issue of the timeliness of the appeal in this case. Upon consideration of this issue sua sponte and prior to oral argument, we conclude that the appeal is, in fact, untimely, and we therefore dismiss.
The jury verdict for the appellees was dated January 21, 1982, and was filed on January 26,1982. On January 29,1982, the appellees filed a motion to tax costs that was served the previous day.
On February 9, 1982, the trial judge entered a “final judgment pursuant to the jury verdict” which was filed on February 11, 1982. The appellants then filed and served a motion for new trial on February 19, 1982. The trial judge entered a final judgment taxing costs on March 26, 1982, which was filed on March 29,1982. After a delay caused by an internal transfer of cases, a new judge denied the motion for new trial in an order entered November 30, 1982, and filed December 1, 1982. The appellants filed their notice of appeal on December 28, 1982.
Obviously, the notice of appeal was not filed within thirty days of the final judgment. However, appellants argue that they filed their appeal within thirty days of the denial of their motion for new trial. This argument presupposes that their motion for new trial was timely filed in spite of rule 1.530(b), Florida Rule of Civil Procedure, which requires motions for new trial to be filed within ten days after the rendition of the jury verdict. Appellants assert that appellees’ motion to tax costs had the effect of delaying rendition of the jury verdict so as to make their motion for new trial timely-
Appellants’ argument relies on Lehmann v. Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974), but that case is not controlling. Whatever the wisdom of that decision may otherwise be, the court there relied on the former wording of rule 1.3, Florida Appellate Rule, now rule 9.020(g), Florida Rule of Appellate Procedure. The former rule provided that the filing of a timely post-trial motion permitted by the rules postponed “rendition” until disposition of the motion. The Lehmann court bottomed its holding on the post-trial motion to tax costs being such a motion as contemplated by the rules that suspended “rendition” of the verdict. Under rule 9.020(g), Florida Rule of Appellate Procedure, as it now exists, only specifically enumerated motions have the effect of delaying rendition, and a motion to tax costs is not one of them.
The correct rule to be applied here is stated in Bescar Enterprises, Inc. v. Rotenberger, 221 So.2d 801 (Fla. 4th DCA 1969). Since the post-trial motion to tax costs did not suspend rendition of the verdict, appellants’ motion for new trial was clearly untimely as it was served on February 19, 1982, and the jury verdict was filed January 26, 1982. There was nothing that occurred in between that would have made the date of rendition any date other than the filing *33 date of January 26, 1982, and it therefore became the date of rendition of the jury verdict.
This cause is therefore dismissed.
GRIMES, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.