ON REHEARING
HERSEY, Chief Judge.
Norm Burg Construction Corp. moved to be dismissed from this appeal. We originally granted that motion, and the matter is before us again on rehearing.
This was an action for damages for negligence against Jupiter Inlet Limited Partnership and Burg. Jupiter filed a cross-claim against Burg relying upon either (1) common-law indemnity or (2) contractual indemnity. The claim for contractual indemnity was severed, and the issues of negligence and common-law liability went to the jury. A verdict was returned for the plaintiff and against Jupiter on the negligence issue and against Jupiter and for Burg on the common-law indemnification issue. A final judgment was entered on February 15, 1985, which recited adjudication of the negligence issue only. Neither Burg nor the issue of common-law indemnification are referred to in the final judgment. Jupiter filed a notice of appeal.
Several weeks later the trial court heard and decided the severed issue of contractual indemnification pursuant to stipulation of the parties. The court found in favor of Burg and against Jupiter on this issue and entered a final judgment on May 17, 1985. It is this final judgment that causes a problem. Not only did the May 17th final judgment dispose of the contractual indemnification cross-claim, but it also reached back to the jury verdict and adjudged that Jupiter take nothing on its “claims of contractual and common law indemnification.” No appeal was taken from this final judgment.
Burg’s position is that since the final judgment of May 17th disposes of both the contractual and common-law indemnity claims (regardless of the jury verdict), Jupiter’s failure to file a notice of appeal directed to that final judgment entitles Burg to prevail and to be dismissed from this appeal.
Jupiter takes the position that its notice of appeal addressed to the final judgment of February 15 reached any issue inhering in the jury verdict, whether or not enunciated in the final judgment, and therefore constitutes an appeal of the adjudication on the issue of common-law indemnification.
A notice of appeal has two primary functions: to vest jurisdiction in the appellate court and to give notice to the adverse party that an appeal is being taken. It is clear that appellee here was on notice of the matter which appellant was seeking to appeal. After the jury verdict there was a motion for new trial which contained allegations of error involving the common-law indemnity issue. The notice of appeal itself referenced an order denying summary judgment which had also addressed the common-law indemnity issue. Finally, Jupiter filed a notice of filing which again referenced the common-law indemnification issue and which contained Burg’s name in the style of the case.
The issue remaining is whether the notice of appeal vested jurisdiction in this court as to appellee Burg and the issue of common-law indemnity, the notice requirement having been abundantly satisfied.
*51 We have been unable to locate a precedent applying the “limbo” theory of Williams v. State, 324 So.2d 74 (Fla.1975), to facts analogous to those presented here. In a Williams setting, if we hypothesize a notice of appeal followed by rendition of a final judgment, and a motion to dismiss the appeal filed thirty-one days after such rendition, we have a situation analogous in result to that which confronts appellant in this case. Unless the limbo status is available, the appeal is untimely.
While we hesitate to create gray areas to further complicate the legal process, there is a delicate balance which must be struck between the letter and the spirit of a rule, when to insist upon blind adherence to the former does violence to the very cause for which the rules were adopted in the first place; that is, equal justice under the law.
Particularly apt are the words of the court in Bowen v. Bowen, 352 So.2d 166, 167 (Fla. 1st DCA 1977), appeal dism., 360 So.2d 1247 (Fla.1978):
As Judge Mills stated in Hill v. Leon County School Board, 351 So.2d 732 (Fla.1st DCA 1977), opinion filed October 28, 1977, “* * * We should never become so technical that we obscure the justice of a case. To do so merely brings justice and those who administer it into disrepute. Although we must have rules to guide us in the performance of our duties, we should never ignore common sense in reaching a just result. If we desire respect for the law, and we do, we must first make the law respectable. To do this we must not permit technicalities from preventing justice being done.”
We therefore grant rehearing, deny the motion to dismiss and hereby certify the following question to the Florida Supreme Court:
DOES A NOTICE OF APPEAL FILED AFTER JURY VERDICT BUT BEFORE AN APPROPRIATE FINAL JUDGMENT REMAIN IN LIMBO AS TO ANY ASPECT OF THE JURY VERDICT WHICH IS NOT REFLECTED IN SUCH FINAL JUDGMENT FILED THEREAFTER, BUT IS EVENTUALLY REFLECTED IN A SUBSEQUENTLY RENDERED FINAL JUDGMENT?
GLICKSTEIN, J., and HURLEY, DANIEL T.K., Associate Judge, concur.