514 So.2d 1102 (1987)
NORM BURG CONSTRUCTION CORPORATION, Petitioner,
v.
JUPITER INLET CORPORATION, Respondent.
No. 68502.
Supreme Court of Florida.
November 5, 1987.
*1103 R. Fred Lewis of Magill & Lewis, P.A., Miami, for petitioner.
Kathryn M. Beamer of Schuler & Wilkerson, and Larry Klein, of Klein & Beranek, P.A., West Palm Beach, for respondent.
PER CURIAM.
The Fourth District Court of Appeal certified to this Court its decision in this case, Jupiter Inlet Corp. v. Brocard, 489 So.2d 49 (Fla. 4th DCA 1986), as presenting a question of great public importance. The decision under review is the district court's denial of petitioner Norm Burg Construction Corporation's motion to be dismissed from an appeal where it was named an appellee. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
The plaintiff, the surviving spouse of a deceased construction worker, filed a wrongful death action against respondent Jupiter Inlet Corporation (Jupiter Inlet). Jupiter Inlet filed a third-party claim against petitioner Norm Burg Construction Corporation (Norm Burg) seeking common law and contractual indemnity. The claim for contractual indemnity was severed for subsequent determination by the trial judge alone. The third-party claim based on common-law indemnity was tried to the jury along with the plaintiff's negligence claim.
The jury found in favor of the plaintiff and against Jupiter Inlet on the wrongful death claim and in favor of Norm Burg and against Jupiter Inlet on the common-law indemnity claim. Jupiter Inlet filed a motion for new trial which addressed both of the jury's findings.
After denial of the motion for new trial, the trial court rendered a judgment in the wrongful death action, adjudging that the plaintiff should recover money damages in a specified amount from Jupiter Inlet. The judgment did not adjudicate any portion of the dispute between Jupiter Inlet and Norm Burg, and neither Norm Burg nor the issue of indemnification is referred to in that final judgment. Jupiter Inlet filed a notice of appeal of this judgment, naming Norm Burg as an appellee.
Following the rendition of judgment in the wrongful death action, the severed claim for contractual indemnity was tried. A second final judgment was rendered adjudicating the claim of Jupiter Inlet for indemnity from Norm Burg, based in part on the jury's verdict on the common-law indemnity claim and in part on the judge's determination of the contractual indemnity claim. The second final judgment denied recovery to Jupiter Inlet from Norm Burg on its claims for indemnity. Jupiter Inlet did not appeal the second final judgment.
Norm Burg filed a motion to be dismissed from Jupiter Inlet's appeal of the first final judgment on the ground that the final judgment did not affect any legal rights or liabilities of Norm Burg. The district court of appeal denied the motion to dismiss, reasoning that the notice of appeal of the first final judgment vested jurisdiction in the appellate court as to Burg and *1104 the issue of common-law indemnity, even though adjudication of the third-party claim for indemnity was not final until the rendition of the second final judgment, which Jupiter Inlet did not appeal. The district court certified the following question:
Does a notice of appeal filed after jury verdict but before an appropriate final judgment remain in limbo as to any aspect of the jury verdict which is not reflected in such final judgment filed thereafter, but is eventually reflected in a subsequently rendered final judgment?
Jupiter Inlet Corp., 489 So.2d at 51. We answer the question in the negative and quash the decision of the district court.
The district court of appeal upheld the position of Jupiter Inlet "that its notice of appeal addressed to the final judgment of February 15 reached any issue inhering in the jury verdict, whether or not enunciated in the final judgment, and therefore constitutes an appeal of the adjudication on the issue of common-law indemnification." Id. at 50. The district court stated that one of the functions of a notice of appeal is to give notice to the adverse party that an appeal is being taken. The court found this function had been adequately performed in that Norm Burg was on notice that Jupiter regarded its appeal as encompassing the matter of the common-law indemnity claim. The other function that a notice of appeal must fulfill, the district court said, is to vest jurisdiction in the appellate court. In support of its finding that jurisdiction was vested, the district court discussed this Court's decision in Williams v. State, 324 So.2d 74 (Fla. 1975).
Petitioner argues that Williams v. State arose in an entirely different situation and should not be applied in this case. Petitioner maintains that a notice of appeal directed to one final judgment cannot vest appellate jurisdiction to review a wholly separate and independent final judgment rendered subsequently.
In Williams v. State, the defendant was found guilty of a criminal offense by jury verdict on August 13, 1973. On August 24, 1973, post-trial motions were denied, judgment was announced, sentence was imposed, and appeal bond was set in open court. Written judgment and sentence were signed that same day in chambers. Notice of appeal was also filed that same day. However, the judgment was not considered "rendered," in the sense of being filed for recording, until August 28. The state moved to dismiss the appeal on the ground that a notice filed four days before the judgment was rendered was ineffective to vest jurisdiction of the appeal.
The Court acknowledged that the notice of appeal was "premature." Id. at 79. However, the Court noted that the judgment had "conditioned the grant of supersedeas bond upon the filing of the notice of appeal" thus placing the defendant in "an untenable position," so that it was "understandable that the defendant would file his notice of appeal so as to be eligible for such bond at the earliest possible time." Id.
Because of this situation, we now hold that a defendant may, for the purposes of obtaining supersedeas bond, file his notice of appeal at any time after oral judgment or sentence is pronounced and before it is rendered, i.e., filed for recording. Prior to the judgment, the notice of appeal shall not be effective to vest jurisdiction in the appellate court, but will allow the defendant to obtain supersedeas bond. At the time when the judgment and/or sentence is rendered (filed for recording) the notice of appeal shall be effective to vest jurisdiction in the appellate court. It must be noted that notice of appeal so filed (to obtain supersedeas before judgment is rendered) shall not be subject to dismissal either by motion of the parties or of the Court.
Leaving aside the question of obtaining supersedeas bond, we also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature *1105 and shall vest jurisdiction in the appellate court.
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.
2. After the written judgment is signed, but before it is rendered (filed for recording).
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
Id. at 79-80.
We agree with petitioner that Williams is simply inapplicable to this case. First, this is not a case where a party was required to file a premature notice of appeal in order to obtain a supersedeas bond. Second, here there was no notice of appeal addressed to a judgment that had been orally pronounced or signed but not yet formally rendered. Here there was a timely notice of appeal addressed to a final judgment that had been rendered but which did not include an adjudication of the issues involved in the litigation in which Norm Burg was a party. That litigation had not been concluded. The situations are entirely different. Williams is not authority for holding that a notice of appeal addressed to one final judgment can be effective as a notice of appeal directed to a subsequently rendered, separate final judgment adjudicating a different cause of action affecting a different party.
Petitioner correctly argues that respondent's notice of appeal could not obtain appellate review of the jury's verdict and judicial actions in connection therewith, pertaining to the common-law indemnity claim, because the first final judgment did not dispose of the latter matter. Jury verdicts are not appealable. See, e.g., Menfi v. Exxon Co., 433 So.2d 1327 (Fla. 3d DCA 1983) (rendition of verdict is distinct from rendition of judgment; the latter can be appealed but the former cannot).
Seeking to sustain the decision of the district court, respondent relies upon a series of decisions of this Court and various district courts of appeal. The cases cited support the general proposition that technical defects in notices of appeal, which do not affect the appellate court's jurisdiction and do not mislead or prejudice the adversary party, do not require the dismissal of an appeal. Ratner v. Miami Beach First National Bank, 362 So.2d 273 (Fla. 1978); Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla. 1977); Brown v. Winn-Dixie Stores, Inc., 267 So.2d 78 (Fla. 1972); Eggers v. Narron, 238 So.2d 72 (Fla. 1970); State ex rel. Poe v. Allen, 196 So.2d 745 (Fla. 1967); Bay Area News, Inc. v. Poe, 364 So.2d 830 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 456 (Fla. 1979); Casino, Inc. v. Kugeares, 354 So.2d 936 (Fla. 2d DCA 1978); Bowen v. Bowen, 352 So.2d 166 (Fla. 1st DCA 1977), dismissed, 360 So.2d 1247 (Fla. 1978); Burlingham v. Allen, 295 So.2d 684 (Fla. 1st DCA 1974).
In Milar Galleries, Inc. v. Miller and in Burlingham v. Allen, a single notice of appeal was held effective to secure appellate review of two separate judgments referenced therein. The present case is distinguishable because here the notice that was filed addressed a judgment that did not affect Norm Burg, and did not address the judgment subsequently entered that did involve Norm Burg. In Eggers v. Narron and State ex rel. Poe v. Allen, the notices of appeal were timely filed with regard to the judgments appealed, but the notices erroneously made reference to trial court orders other than the final judgments. This Court found the deficiencies to be technical rather than jurisdictional. Neither case dealt with a separate and independent final judgment as in this case. In Ratner v. Miami Beach First National Bank, the appellee moved to dismiss the appeal on the ground that the assignments of error were insufficient as a matter of law to support an appeal. This Court found that any deficiency shown was technical rather than jurisdictional and not *1106 grounds for dismissal. No similarity to the present case exists.
In Bowen v. Bowen, the court declined to dismiss an appeal where the objection was that the notice of appeal was directed to the denial of a motion for new trial rather than the final judgment. It does not appear that the case involved separate causes of action with separate and independent final judgments.
In Casino, Inc. v. Kugeares, the court held dismissal of an appeal was improper after finding that the notice was timely filed measured from the time of rendition of the final judgment of which appellate review was sought. The court rejected the appellee's argument that the notice was untimely when measured from the time of rendition of a nonfinal partial judgment. The decision does not support respondent's position here.
Bay Area News, Inc. v. Poe is another case in which an appellant directed its notice of appeal to the wrong action of the lower court but in a timely manner measured from the time of rendition of the final appealable order. The appellate court found that the defect was technical, not jurisdictional, so that in the absence of prejudice to the other side, the appeal should not be dismissed.
Respondent also relies upon Brown v. Winn-Dixie Stores, Inc. There the trial court entered judgments in favor of each of two defendants. The judgments were rendered on the same day. The plaintiff filed a notice of appeal that expressly referred to only one of the judgments, but other appeal documents demonstrated a clear intent to appeal both judgments. One of the appellees filed a motion to dismiss on the ground that the judgment in its favor had not been specifically referred to. This Court held that the appeal encompassed both judgments, that the omission was a mere technical defect, and that there was no prejudice. The present case is distinguishable because here when the notice was filed there was no final judgment adjudicating or affecting any right or liabilities of the named appellee Norm Burg Construction Corporation.
A judgment is the means by which a court renders its decision. It is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication. 32 Fla.Jur.2d Judgments & Decrees § 1 (1981).
The first judgment, from which the appeal was taken, awarded plaintiff money damages against Jupiter Inlet. At that point in time, the third-party claim had not been concluded and until it was concluded no final judgment could be entered. While the jury had made its findings of fact on the common-law indemnity claim, the third-party claim was not ready for final adjudication because the trial court had not tried the severed contractual indemnity issue. The second judgment adjudicated the third-party indemnity claim between Jupiter Inlet and Norm Burg and, while it adjudicated an issue resolved by the jury, it also adjudicated an issue decided by the trial judge. Each judgment was separate and distinct. The notice of appeal was directed to the first judgment and an earlier order denying Jupiter Inlet's motion for summary judgment. It made no reference to the adjudication yet to be made of the third party claim, and it is that adjudication which respondent seeks to have addressed by the previously filed notice of appeal. This is not a mere technical defect. It goes to the matter of jurisdiction. The district court of appeal had jurisdiction of all issues adjudicated in the first judgment between the plaintiff and the defendant. It did not have jurisdiction of the indemnity issue which was the subject of the second judgment.
A timely filed notice of appeal is essential to vest jurisdiction of an appeal in an appellate court. An appellate court lacks jurisdiction unless the notice of appeal is filed within the time and in the manner prescribed by the rules. State ex rel. Diamond Berk Insurance Agency v. Carroll, 102 So.2d 129 (Fla. 1958); Counne v. Saffan, 87 So.2d 586 (Fla. 1956); Lehmann v. *1107 Cloniger, 294 So.2d 344 (Fla. 1st DCA 1974); Sparks v. State, 262 So.2d 251 (Fla. 4th DCA 1972); Brick v. Brick, 258 So.2d 7 (Fla.4th DCA 1971).
We hold that an appeal taken from one final judgment cannot provide a basis for appellate review of a subsequently rendered, separate and independent final judgment. We therefore answer the certified question in the negative. The decision of the district court of appeal is quashed and the case is remanded with directions to dismiss the appeal filed against Norm Burg construction Corporation.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.