# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2215
_____

THE MOORE LAW FIRM, P.A.,

    Appellant,

    v.

FORT WALTON BEACH AREA
BRIDGE AUTHORITY and
OKALOOSA COUNTY,

    Appellees.

_____

On appeal from the Circuit Court of Okaloosa County.
John T. Brown, Judge.

April 1, 2026

PER CURIAM.

The Moore Law Firm, P.A. (the Firm) appeals from the trial court's orders: (1) granting a motion for post-judgment intervention and relief from judgment (rendered on May 25, 2017); and (2) granting final summary judgment for Okaloosa County (rendered on February 12, 2024). We affirm as to the 2024 order. But we dismiss the appeal from the 2017 order.

The 2017 order stemmed from a final judgment entered on October 15, 1999, after the Firm obtained a default against the Fort Walton Area Bridge Authority, a special district of the County. The lawsuit involved attorney's fees billed by the Firm

from 1991 to 1993. After the Firm sought to enforce the 1999 judgment, the County moved to intervene in the action post-judgment and for relief from the final judgment. On May 25, 2017, the trial court granted the County's motion to intervene and granted relief from the final judgment. Seventy days later, the Firm filed a notice of appeal from that order. *See* 1D2017-3221, *The Moore Law Firm, P.A. v. Fort Walton Beach Area, Bridge Auth.* (Aug. 10, 2017). The appeal was dismissed after the Firm failed to pay the filing fee. *Id*. (Fla. 1st DCA Oct. 3, 2017). But then, seven years later, on August 29, 2024, the Firm filed a second notice of appeal purporting to appeal the 2017 order. That is the notice at issue here. This court ordered the parties to show cause why this appeal should not be dismissed as untimely filed.

"Courts are bound to take notice of the limits of their authority, and if want of jurisdiction appears at any stage of the proceeding, original or appellate, the court should notice the defect and enter an appropriate order." *W. 132 Feet v. City of Orlando*, 86 So. 197, 198–99 (Fla. 1920). To this end, an appellate court must examine its jurisdiction even if the issue is not raised by the parties as was the case here. *See Mapoles v. Wilson*, 122 So. 2d 249, 251 (Fla. 1st DCA 1960) ("Although the question of this court's jurisdiction was not raised by the parties, it is a matter of primary concern to which we must address ourselves sua sponte when any doubt exists."); *cf. Polk Cnty. v. Sofka*, 702 So. 2d 1243, 1245 (Fla. 1997) (describing that the parties' agreement that the court has jurisdiction over an appeal "has no bearing on whether, in fact, such jurisdiction existed").

Both parties characterize the trial court's 2017 order granting relief from the judgment as a non-final order when it is in fact a post-decretal final order. That distinction is fundamental to this court's jurisdiction to review the order. A post-decretal final order is a final order, separately appealable under Article V, section 4(b)(1) of the Florida Constitution. The supreme court has described this type of final order as "an order after judgment [that] is dispositive of any question" and "[t]o the extent that it completes the judicial labor on that portion of the cause after judgment, it becomes final as to that portion and should be treated as a final judgment." *Clearwater Fed. Sav. & Loan Ass'n v. Sampson*, 336 So. 2d 78, 79 (Fla. 1976). One example of a post-decretal final order is

2

an order ruling on a motion for relief from judgment such as the 2017 order at issue in this appeal. *See Wells v. Wells*, 392 So. 3d 235, 238 (Fla. 1st DCA 2024) (explaining that an order denying a motion for relief from judgment is a post-decretal final order, independently appealable under the Florida Constitution).

An order entered on a motion for relief from judgment is also a specified final order reviewable under Florida Rule of Appellate Procedure 9.130(a)(5). *See* Fla. R. App. P. 9.130, 2008 cmt. ("Subdivision 9.130(a)(5) is intended to authorize appeals from orders entered on motions for relief from judgment that are specifically contemplated by a specific rule of procedure (e.g., the current versions of Florida Rule of Civil Procedure 1.540 . . .).") The rule requires the "filing [of] a notice with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.130(b). Unless the notice of appeal is timely filed, this court lacks jurisdiction to review such an order. *See Norm Burg Const. Corp. v. Jupiter Inlet Corp.*, 514 So. 2d 1102, 1106 (Fla. 1987) ("A timely filed notice of appeal is essential to vest jurisdiction of an appeal in an appellate court. An appellate court lacks jurisdiction unless the notice of appeal is filed within the time and in the manner prescribed by the rules."); *Peltz v. Dist. Court of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992) ("The untimely filing of a notice of appeal precludes the appellate court from exercising jurisdiction.").

The notice of appeal in this case was filed seven years late. Because the Firm's appeal from the order granting the County's motion for relief from judgment is untimely, we dismiss that portion of the appeal.

DISMISSED in part; AFFIRMED in part.

LEWIS, ROWE, and RAY, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――

Bret A. Moore of The Moore Law Firm, P.A., Niceville, for Appellant.

Matthew R. Shaud, Gregory T. Stewart, and Lynn M. Hoshihara of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Appellee Okaloosa County.

No Appearance for Appellee Fort Walton Beach Area Bridge Authority.